UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                        Criminal No. 11-cr-131-01-JD

Jose Robles

## ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on October 18, 2011, for the purpose of determining whether to detain the defendant, Jose Robles, who has been charged by indictment with two counts of Aid and Abet False Statement During Firearms Purchase, in violation of 18 U.S.C. § 922(a)(6) and § 924(a)(2), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). The court issued its detention order orally from the bench. This written order summarizes the court's findings and rulings.

### Legal Standards

Section 3142(f) of the Bail Reform Act, 18 U.S.C. § 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2). United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the

government argues a detention hearing is warranted under both § 3142(f)(1)(E) (felony involving possession or use of a firearm), and § 3142(f)(2)(A) (serious risk the defendant will flee if released). The charges in this case and the government's proffer with respect to risk of flight satisfy the above parameters and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or

2

the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  Among the instances where a presumption arises is the situation where

> the judicial officer finds that there is probable cause to believe that the person committed -- an offense under section 924(c), 956(a), or 2332b of this title;

18 U.S.C. § 3142(e)(3)(B).  Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  "When a defendant produces such evidence, however, the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight."  Dillon, 938 F.2d at 1416.

## Findings And Rulings

In the instant case, the court finds probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Defendant is charged with an offense under 18

3

U.S.C. § 924(c), and the rebuttable presumption in § 3142(e)(3)(B) is therefore triggered.

In the instant case, the government argued that defendant's release posed both a serious risk of flight and danger. After weighing the evidence and balancing the factors laid out in 18 U.S.C. § 3142(g), the court finds that defendant failed to rebut the presumption. The court issued its ruling and explained its rationale orally from the bench. The court incorporates its oral ruling herein, and for the reasons stated on the record, finds that the government met its burden of proving that defendant's release, even on strict conditions, presents too serious a risk of both flight and danger. There are no conditions or combination of conditions that will reasonably assure the safety of the community or the appearance of defendant. Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the

defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

**SO ORDERED.**

                                          _____
                                          Landya B. McCafferty
                                          United States Magistrate Judge

Date:  October 20, 2011

cc:  Paul J. Garrity, Esq.
     Robert J. Veiga, Esq.
     U.S. Marshal
     U.S. Probation